Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III[1]

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ANÍBAL DÍAZ MELÉNDEZ<br><br>Peticionario | KLCE202500564 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>KMG2023M0213<br><br>Sobre:<br>Art. 136 CP<br>(Exposiciones Obscenas) |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de junio de 2025.

Comparece el señor Aníbal Díaz Meléndez (señor Díaz Meléndez o Peticionario) vía *certiorari* y solicita que revoquemos dos *Órdenes* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitidas el 21 de abril de 2025 y el 5 de mayo de 2025, respectivamente. En dichos dictámenes, se ordenó la inscripción del Peticionario en el Registro de Personas Convictas por Delitos Sexuales y Abuso de Menores como Ofensor Tipo I, y se resolvió sin lugar una moción de reconsideración. Por los fundamentos que expondremos, denegamos expedir el auto de *certiorari*.

---

[1] Mediante la Orden Administrativa DJ-2024-062C emitida el 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.

En síntesis, en el caso de epígrafe, el Peticionario Aníbal Díaz Meléndez, fue declarado culpable y convicto por tres (3) cargos en virtud del Artículo 136 del Código Penal de Puerto Rico de 2012 sobre Exposiciones Obscenas. Este se presentó en distintos establecimientos de *Starbucks* en el área de San Juan. Sin comprar ni consumir alimentos, se posicionó cerca de mujeres jóvenes para sacar su pene y frotarlo en la inmediata presencia de ellas. No dirigió palabras, ni hubo contacto físico con las jóvenes adultas. Por estos hechos, se radicaron tres (3) denuncias distintas en contra del Peticionario. El juicio comenzó el 1 de diciembre de 2023 y culminó el 22 de diciembre de 2023; hubo una determinación de culpabilidad en los tres (3) cargos por los que se le acusó.

El 11 de enero de 2024, el Ministerio Público, por conducto de la Fiscalía de San Juan, le solicitó al Tribunal de Primera Instancia que ordenara la inscripción del Peticionario en el Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores. Argumentó que, de acuerdo con la Ley Núm. 266-2004, mejor conocida como la *Ley del Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores*, según enmendada, el señor Díaz Meléndez debía ser inscrito en este. El 23 de enero de 2024, el Peticionario presentó una réplica a la solicitud de Ministerio Público y alegó que una persona solo debería ser inscrita en el Registro si resultó convicta de uno de los delitos que enumera la ley. En adición, adujo que el delito por el cual fue acusado, juzgado y convicto no está vislumbrado como uno de los delitos taxativos de los cuales surge para la inscripción de la lista de ofensores sexuales.

El 15 de abril de 2025, el Ministerio Público presentó una *Moción Informativa y en Solicitud de Orden*, mediante la cual solicitó al Tribunal que, en virtud de *Pueblo v. Rodríguez Orengo*, 213 DPR 821 (2024), ordenara la inscripción de este en el Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores. El 21 de abril de 2025, el Tribunal declaró *Ha Lugar* a la moción presentada por el Ministerio Público y ordenó la inscripción del Peticionario en el mencionado Registro. El 30 de abril de 2025, el señor Díaz Meléndez presentó una *Moción en Solicitud de Reconsideración*. En ella argumentó que, en virtud de *Pueblo v. Rodríguez Orengo*, *supra,* en el presente caso el Peticionario no desplegó una conducta sexual u obscena en contra de persona alguna, sino que fue declarado culpable por exponer su pene en presencia de tres (3) mujeres. El 5 de mayo de 2025, el Tribunal declaró *No Ha Lugar* a la moción de reconsideración. Entendió que, conforme a lo declarado por las perjudicadas en el juicio, se cumplió con lo resuelto en dicha jurisprudencia.

Insatisfecho, el Peticionario recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró, pues abusó de su discreción al ordenar la inscripción del señor Díaz Meléndez en el Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores. Entiende que el delito por el cual fue encontrado culpable y convicto no conlleva la inscripción en el Registro. Además, argumenta que, como el caso *Pueblo v. Rodríguez Orengo, supra,* resolvió que no procede la inscripción automática de una persona convicta por Exposiciones Obscenas al Registro cuando el perjudicado es mayor de edad y que en este caso, no procede la inscripción del Peticionario. Lo anterior, según alegado por el señor Díaz Meléndez, por este haber sido

declarado culpable solamente por haber expuesto su pene en presencia de tres (3) mujeres adultas. El Ministerio Público presentó su *Escrito en Cumplimiento de Orden* el 12 de junio de 2025. En síntesis, argumentó que la conducta desplegada por el Peticionario es constitutiva de abuso sexual, pues este sacó su pene y se masturbó en la inmediata presencia de las jóvenes, mientras buscaba contacto visual con ellas, por lo que procede su inscripción en el Registro. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

Es conocido que el auto de *certiorari* es un vehículo procesal extraordinario mediante el cual un tribunal de mayor jerarquía puede revisar a su discreción una decisión de un tribunal inferior, sea en los errores de derecho procesal o de derecho sustantivo. *Pueblo v. Díaz de León*, 176 DPR 913 (2009); *Pueblo v. Colón Mendoza*, 149 DPR 630 (1999). La función de un tribunal apelativo frente a la revisión de controversias a través de un *certiorari* requiere valorar la actuación del foro recurrido y predicar su intervención en si la misma constituyó un abuso de discreción, por lo que en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no procede intervenir con las determinaciones del Tribunal de Primera Instancia. *Pueblo v. Toro Martínez*, 200 DPR 834 (2018); *Zorniak Air. Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992); *Lluch v. España Service Sta.*, 117 DPR 729 (1986). A su vez, las Reglas 193 a 217 de las *Procedimiento Criminal* y la Regla 40 del *Tribunal de Apelaciones* establecen los criterios a tener en cuenta en el ejercicio discrecional de expedir tal auto. Reglas 193-217 de Procedimiento Criminal (34 LPRA sec. 193 et. seq.); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-A).

Ahora bien, la discreción judicial faculta al Tribunal de Primera Instancia a escoger entre uno o varios cursos de acción dentro de un marco de razonabilidad y sin hacer abstracción del resto del Derecho. García v. Asociación, 165 DPR 311 (2005) (citando a Pueblo v. Ortega Santiago, 125 DPR 203 (1990); Pueblo v. Sánchez González, 90 DPR 197 (1964)). Para determinar que el juez sentenciador abusó de su discreción, debe estar presente uno de los siguientes factores: (1) el juez no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (2) el juez, sin justificación y fundamento alguno, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o (3) el juez sopesa y calibra livianamente los hechos materiales e importantes. Pueblo v. Rivera Santiago, 176 DPR 559 (2009) (citando a García v. Padró, 165 DPR 324 (2005); Pueblo v. Ortega Santiago, supra).

El Código Penal de 2012 regula, en su Capítulo IV, todo lo relacionado a los delitos contra la indemnidad sexual. Así, el referido cuerpo estatutario tipifica el delito de Exposiciones Obscenas en el Artículo 136 y lo define como "[t]oda persona que exponga cualquier parte íntima de su cuerpo en cualquier sitio en que esté presente una o varias personas, incluyendo funcionarios del orden público, a quien tal exposición pueda ofender o molestar". Art. 136 del Código Penal de 2012, 33 LPRA sec. 5197. No obstante, esta conducta no incluye el acto de lactancia de un infante. Íd. Es importante resaltar que este delito es el único clasificado en el Código Penal de 2012 como un delito contra la moral pública. Además, está tipificado como un delito menos grave.

Asimismo, el Artículo 143 define en su inciso (a) el concepto *Conducta Obscena* como "cualquier actividad física del cuerpo humano, bien sea llevada a cabo solo o con otras personas, incluyendo, pero sin limitarse, a cantar, hablar, bailar, actuar, simular, o hacer pantomimas, la cual considerada en su totalidad por la persona promedio y, según los patrones comunitarios contemporáneos" apele al interés lascivo, represente o describa conducta sexual de una manera manifiestamente ofensiva, y "carezca de un serio valor literario, artístico, religioso, científico o educativo". Art. 143 del Código Penal de 2012, 33 LPRA sec. 5204. Es menester señalar que, la atracción de la conducta al interés lascivo se juzgará con relación al adulto promedio. Íd. Cuando las circunstancias de exhibición, presentación o producción demuestran que el acusado está explotando de forma comercial la conducta obscena, estas circunstancias son prueba *prima facie* de que la referida conducta carece de serio valor literario, artístico, religioso, científico o educativo. Íd.

Por otra parte, el inciso (b) del Artículo en discusión define el concepto *Conducta Sexual*. Particularmente dispone que *conducta sexual* comprende lo siguiente:

(1) representaciones o descripciones patentemente ofensivas de actos sexuales consumados, normales o pervertidos, actuales o simulados, incluyendo relaciones sexuales, sodomía y bestialismo, o

(2) representaciones o descripciones patentemente ofensivas de masturbación, copulación oral, sadismo sexual, masoquismo sexual, exhibición lasciva de los genitales, estimular los órganos genitales humanos por medio de objetos diseñados para tales fines, o funciones escatológicas, así sea tal conducta llevada a cabo individualmente o entre miembros del mismo sexo o del sexo opuesto, o entre humanos y animales. Íd.

La Ley Núm. 266-2004, mejor conocida como la *Ley del Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores*, según enmendada, tiene como propósito establecer un Registro mediante el cual se documente la dirección, información personal y otros datos relevantes sobre personas convictas por delitos sexuales que tengan una tendencia irreprimida de cometer estos tipos de delitos. Art. 1 de la Ley Núm. 266-2004 (4 LPRA sec. 536). El propósito del Registro es mantener a las personas o entidades informadas sobre el paradero de personas que han resultado convictas de delitos sexuales o abuso contra menores. Íd. Además, este no tiene un propósito punitivo, sino, más bien es un vehículo para garantizar la seguridad, protección y bienestar general de sectores vulnerables en Puerto Rico. Íd.

El Artículo 2 del citado estatuto establece una serie de definiciones. En lo pertinente, dispone en su inciso (8) en la definición de *Ofensor Sexual Tipo I*, que son aquellas personas que resulten convictas por los delitos mencionados en el citado inciso, o su tentativa o conspiración, cuando se incurre en conducta constitutiva de abuso sexual. Art. 2 de la Ley Núm. 266-2004 (4 LPRA sec. 536). Entre los delitos enumerados, se encuentra el de *Exposiciones Obscenas*, tipificado por el discutido Artículo 136 del Código Penal de 2012. Íd. El Artículo 3 dispone que serán inscritas en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores, entre ellos, los Ofensores Sexuales Tipo I. Art. 3 de la Ley Núm. 266-2004 (4 LPRA sec. 536a). Ahora bien, el Tribunal Supremo de Puerto Rico tuvo la oportunidad de analizar la aplicación de la antes citada ley con respecto a personas convictas por el delito de Exposiciones Obscenas.

En síntesis, en *Pueblo v. Rodríguez Orengo*, el Tribunal Supremo resolvió que:

> [N]o procede la inscripción automática de una persona convicta del delito de exposiciones obscenas al Registro de ofensores sexuales cuando el ofendido o perjudicado es mayor de edad. Por lo tanto, para que una persona convicta por el delito de exposiciones obscenas esté obligada a la inscripción en el Registro de ofensores sexuales, se requiere que de los hechos surja que, en efecto, durante la comisión del delito en cuestión se incurrió en la conducta constitutiva de abuso sexual para los Ofensores Sexuales Tipo I. *Pueblo v. Rodríguez Orengo*, 213 DPR 821, 825 (2024).

No obstante, el concepto *Abuso Sexual* no está definido en el Código Penal de 2012 ni en la Ley del Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores. Como consecuencia de ello y a la luz de lo discutido en *Rodríguez Orengo*, nuestro máximo Foro hizo un análisis de este concepto según definido en la Ley Núm. 246-2011, mejor conocida como la *Ley para la Seguridad, Bienestar y Protección de Menores*.[2] La ahora derogada Ley, puntualiza que *Abuso Sexual* se refiere a:

> [I]ncurrir en conducta sexual en presencia de un menor y/o que se utilice a un menor, voluntaria o involuntariamente, para ejecutar conducta sexual dirigida a satisfacer la lascivia o cualquier acto que, de procesarse por la vía criminal, configuraría cualesquiera de los siguientes delitos: agresión sexual, actos lascivos, comercio de personas para actos sexuales, exposiciones obscenas, proposición obscena, producción de pornografía infantil, posesión y distribución de pornografía infantil, utilización de un menor para pornografía infantil; envío, transportación, venta, distribución, publicación, exhibición o posesión de material obsceno y espectáculos obscenos según han sido tipificados en el Código Penal de Puerto Rico. Art. 3 de la Ley Núm. 246-2011 (8 LPRA sec. 1101).

El Tribunal Supremo de Puerto Rico concluyó que "si bien la definición de abuso sexual discutida está delimitada a una conducta sexual u obscena ejecutada en presencia de menores o en contra de un menor, esta acepción incluye cuando la persona perjudicada es mayor

---

[2] Para efectos de la disposición de este recurso, se discutirá la derogada Ley Núm. 246-2011, mejor conocida como la *Ley para la Seguridad, Bienestar y Protección de Menores*, pues los hechos objeto de análisis ocurrieron con anterioridad a la aprobación de la Ley Núm. 57-2023, mejor conocida como la *Ley para Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menores*.

de edad, pero resultó víctima de un delito de índole sexual". *Pueblo v. Rodríguez Orengo, supra,* en la pág. 837.

En el caso de epígrafe, se desprende del expediente que la conducta exhibida por el Peticionario, y por la cual fue declarado culpable y convicto, cumple con lo resuelto por el Tribunal Supremo de Puerto Rico en *Pueblo v. Rodríguez Orengo, supra.* En *Rodríguez Orengo* el acusado se presentó al hogar del perjudicado y comenzó a insultarlo. Además, se sacó su pene, pero no para atacar sexualmente al perjudicado, sino solo para orinar la puerta del garaje de este. Por el contrario, en este caso, el Peticionario se presentó en diferentes establecimientos de la cadena *Starbucks* sin comprar ni consumir alimentos, identificó a varias jóvenes, sacó su pene, y comenzó a frotarse o masturbarse en la inmediata presencia de ellas.

Concluimos, por tanto, que el Tribunal de Primera Instancia no excedió su discreción al determinar que procedía la inscripción del Peticionario en el Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores, ni que resulte irrazonable que haya determinado que la conducta desplegada por el peticionario por el cual resultó culpable elucidó conducta de abuso sexual en los términos dispuestos en *Rodríguez Orengo*.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
